IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Arthur M. Hayden and Joy Lynn Hayden, | ) | |
| as co-conservators and co-guardians of | ) | |
| Todd Lowell Hayden, | ) | |
| | ) | **ORDER RE STATUS** |
| Plaintiffs, | ) | **AND DISCOVERY** |
| | ) | **CONFERENCE** |
| vs. | ) | |
| | ) | |
| Blue Cross and Blue Shield of Texas; | ) | |
| Health Care Service Corporation Illinois | ) | |
| State PAC, NFP; Nabors Industries, Inc., | ) | |
| | ) | Case No. 1:10-cv-050 |
| Defendants. | ) | |

_____

There remains outstanding the plaintiffs' motion to compel discovery. To date, the undersigned has reserved ruling on the motion pending the decision by Judge Hovland with respect to the defendants' motion for stay. Judge Hovland has now denied the request for stay, stating that there is no reason why this case cannot remain on track, even with the pending administrative appeal to the Plan Administrator.

In light of Judge Hovland's ruling and the plaintiffs' decision to file a further administrative appeal, the court would like to discuss the following issues with the parties:

- The anticipated time it will take to complete the administrative appeal and obtain a decision.

- The timing of any discovery that the court may allow.

- What the parties anticipate in terms of any expansion of the administrative record that ultimately will be submitted to the court. In particular, the undersigned wants to minimize any future disputes about what is in and what is out in terms of the

administrative record that the court will be asked to consider, keeping in mind that any permitted discovery might expand the scope of the evidence.

In addition, the court previously stated that the record considered by Texas Blue Cross in denying the claim may have some relevance with respect to whether the court should permit discovery, particularly with respect to the question of bias. In reviewing the administrative record the defendants have supplied, the court has some questions of the defendants regarding the Blue Cross computer records that were included in the administrative record.

It appears in BCBS0000446 and BCBS0000447 that the person entering the data was attempting to deal with questions from one of Hayden's medical care providers regarding (1) the reason for the denial of coverage in light of the medical records indicating a blood alcohol content of only .026, and (2) whether the intoxication level as defined by state law had to be met in order for the relevant policy exclusion to apply. There then appears the following statement in BCBS0000447:

> PER KRISTIN WHEN ASKED IF IT GOES BY THE STATES INTOXICATION LAWS THE RESPONSE NO, THE GROUP DOES NOT COVER THE SERVICES AT ALL IF THERE IS ANY INDICATION . . . THE GROUP NOTIFIED US OF THIS ACCIDENT AND STATED THE CLAIMS SHOULD NOT BE PAID PER THIS STATEMENT WHICH IS UNDER LIMITATIONS AND EXCLUSIONS IN THE MEMBERS BOOKLET.

One of the questions that the court has is: who is the "GROUP" referenced in the second half of the above statement? Also, who is Kristin Bird and who does she work for?

It is hereby **ORDERED** that a telephone conference will be held on April 29, 2011, at 1:30 pm. CDT to discuss the foregoing topics. The court will initiate the call.

Dated this 26th day of April, 2011.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge