**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| Arthur M. Hayden and Joy Lynn Hayden, )<br>as co-conservators and co-guardians of )<br>Todd Lowell Hayden, )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　　Plaintiffs, )<br>　　　　　　　　　　　　　　　　　　)<br>　　vs. )<br>　　　　　　　　　　　　　　　　　　)<br>Blue Cross and Blue Shield of Texas; )<br>Health Care Service Corporation Illinois )<br>State PAC, NFP; Nabors Industries, Inc., )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　　Defendants. ) | **ORDER RE DISCOVERY**<br><br><br><br><br><br><br><br><br>Case No. 1:10-cv-050 |

_____

On May 4, 2001, the court conducted a telephonic hearing on the outstanding motion to compel discovery. The defendants have argued that discovery is not appropriate because the court's determination should be confined to the administrative record. In the alternative, they argue that discovery is not appropriate if the plan administrator acknowledges the inherent conflict of interest that exists in this case. The court disagrees with these arguments and finds persuasive the cases which hold that discovery may be appropriate in some cases, even when the plan administrator acknowledges the conflict of interest, because the degree of the seriousness of the bias is a factor. E.g., Murphy v. Deloitte & Touche Group Ins. Plan, 619 F.3d 1151 (10th Cir. 2010).

During the telephonic hearing, counsel for the defendants stated that the Plan Administrator anticipated being able to decide the administrative appeal by the end of May. If the administrative appeal is completed within that time frame and is favorable for the plaintiffs, it likely would moot most, if not all, of the disputed discovery requests that are now before the court. Further, even if the decision is adverse to the plaintiffs, the court cannot eliminate the possibility that the Plan

Administrator's decision and/or the contents of the final administrative record may impact on the scope of the discovery that would be permitted. Consequently, since the end of May is only a few weeks away and there remains adequate time in the current litigation schedule for completion of discovery after that point, the court will defer any decision with respect to the disputed discovery for the present and will reassess the situation at the beginning of June.

**IT IS SO ORDERED**.

Dated this 10th day of May, 2011.

>  */s/ Charles S. Miller, Jr.*
> Charles S. Miller, Jr.
> United States Magistrate Judge