IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | |
|---|---|
| Arthur M. Hayden and Joy Lynn Hayden, as co-conservators and co-guardians of Todd Lowell Hayden, <br><br> Plaintiffs, <br><br> vs. <br><br> Blue Cross and Blue Shield of Texas; Health Care Service Corporation Illinois State PAC, NFP; Nabors Industries, Inc., <br><br> Defendants. | **ORDER RE DISCOVERY RELATING TO ATTORNEY'S FEES AND OTHER MATTERS** <br><br><br><br><br> Case No. 1:10-cv-050 |

The court conducted a status conference on January 5, 2012, with Randall Bakke appearing on plaintiffs' behalf, and Gregory Dillard appearing on behalf of the defendants. Based upon the court's discussion with the parties, the court **ORDERS** the following:

1) The court's prior orders relating to discovery and disclosure of opinion evidence shall not apply to any requests for attorney's fees. The parties shall follow the procedures outlined in Rule 54 of the Federal Rules of Civil Procedure and D.N.D. Civil Local Rule 54.1 in making any requests for recovery of attorney's fees. At that time, either party may submit affidavits from other attorneys in support of their position regarding the recovery of attorney's fees and what rates would be appropriate without the necessity of a prior disclosure.[1]  If either party wishes to undertake discovery

---

[1] The court is aware that the defendants have secured a report from a North Dakota attorney opining as to what rates may be reasonable. Defendants can submit this report as apart of its opposition to any fee request, either as an attachment to a one page affidavit attesting to the opinions or by submitting the report with an attestation or declaration under penalty of perjury affixed at the end of the report.

1

regarding the matters of attorney's fees, it will be permitted only after the party opposing the recovery of attorney's fees has submitted its response to the fee request and then only to the extent permitted by the court following an affirmative request at that time to allow discovery. Mendez v. Radec Corp., No. 03–CV–6342L, --- F. Supp. 2d ----, 2011 WL 4914717, *2 (W.D.N.Y. Oct. 17, 2011) (allowing limited discovery but only after the party opposing the fee petition made its response); see State of New York v. Microsoft Corp., No. 98–1233, 2003 WL 25152639, at *2 & n. 3 (D.D.C. May 12, 2003) (noting that whether discover is appropriate is dependent in part upon the objections raised to the fee petition); Murray v. Stucky's Inc., 153 F.R.D. 151, 152–53 (N.D. Iowa 1993) (same). The discovery that will be permitted at that time, if any, will be limited to what is materially in dispute. The goal is avoid turning the issue of attorneys fees into "a second major litigation." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).[2]

Notwithstanding the foregoing, one major issue relating to the award of attorney's fees that may have a dramatic impact on any amount recoverable is whether recovery should be permitted for efforts made by plaintiffs' counsel concerning the "alcohol exclusion." Whether the exclusion applied to coverage for Todd Hayden's medical expenses was ultimately determined by Nabors following a benefits-plan appeal. They determined that the exclusion did not apply, contrary to an earlier

---

[2] Local Civil Rule 54.1 contemplates that the matter of attorney's fees will in most cases be determined based upon the written submissions of the parties as required by the court's local rules and supporting affidavits. If either party wants a hearing, a request for the hearing should be made in writing at the time of making the submissions required by the local rules. Also, if either party believes an evidentiary hearing is required, the request for a hearing should so specifically state so the court can make a determination of whether an evidentiary hearing is required.

decision of defendant Blue Cross. The argument of the defendants here is that no award should be made because plaintiffs "jumped the gun" before exhausting the benefits-plan remedies. The parties are ordered to brief this issue as part of any trial or motion for summary judgment on the merits since it may make sense to resolve this issue before becoming embroiled in the details of any attorney's fee requests. If Judge Hovland decides to defer the determination of this issue until all of the attorney's fees issues can be resolved, the parties can simply incorporate by reference this briefing in any later submissions, if they so choose.

2)   The court notes that the discovery deadline in this matter was set to expire on January 1, 2012. The parties advised the court that several outstanding matters, including coverage determinations for both the air ambulance and the nursing home costs, require further exchange of information between the parties. Therefore, the court orders that discovery between the parties remain open with respect to these two issues and these issues will be subject to further discussion at the next conference call.

3)   The court orders plaintiffs to submit any and all documentation in their possession regarding billing from Medcenter One for nursing home services provided during the relevant time period for which plaintiffs are claiming entitlement to reimbursement for their expenses. Defendants are to provide plaintiffs' attorney with copies of any documents received from Medcenter One regarding this issue.

4)   The court also orders a telephonic status conference regarding these matters to be set for February 21, 2012 at 10:00 a.m. The court will initiate the phone call.

Dated this 9th day of January, 2012.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge