**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Arthur M. Hayden and Joy Lynn Hayden, | ) | |
| as co-conservators and co-guardians of | ) | |
| Todd Lowell Hayden, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **ORDER ON DEFENDANTS'** |
| vs. | ) | **PARTIAL MOTIONS TO DISMISS** |
| | ) | |
| Blue Cross and Blue Shield of Texas; | ) | Case No. 1:10-cv-050 |
| Health Care Service Corporation Illinois | ) | |
| State PAC, NFP; and Nabors Industries, | ) | |
| Incorporated, | ) | |
| | ) | |
| Defendants. | ) | |

_____

Before the Court are the Defendants' "Partial Motion to Dismiss Plaintiffs' Amended

Complaint" and "Partial Motion to Dismiss Plaintiffs' Second Amended Complaint" filed on

September 30, 2011, and October 17, 2011, respectively. See Docket Nos. 63 and 72. The Plaintiffs

filed a response on November 7, 2011. See Docket No. 76. For the foregoing reasons, the Court

grants in part and denies in part the Defendants' motions.


I.      **BACKGROUND**

The plaintiffs, Arthur M. Hayden and Joy Lynn Hayden, are co-conservators and co-

guardians of their adult son, Todd Lowell Hayden. Todd Hayden was severely injured in an all-

terrain-vehicle (ATV) accident on June 13, 2009. His injuries included serious brain damage which

required, and continues to require, significant medical and rehabilitative care. Medical expenses

have exceeded $700,000 and continue to mount. At the time of the accident, Todd Hayden was an

employee of Defendant Nabors Industries, Inc ("Nabor Industries"). Todd Hayden was covered by

a group health plan through his employer which plan was administered by the Defendant, Blue Cross and Blue Shield of Texas.  Nabors Industries is the plan administrator for the plan.  Nabors Industries has delegated certain authority to Blue Cross and Blue Shield of Texas in order that it might act as claims administrator with the authority to deny claims in whole or in part.

The Haydens repeatedly contacted Blue Cross and Blue Shield of Texas after their son's accident in order to obtain health insurance benefits for him under the health insurance policy.  Blue Cross and Blue Shield of Texas did pay a portion of the medical bills related to the accident but on March 2, 2010, denied coverage based on a policy exclusion for accidents involving alcohol.  Blue Cross and Blue Shield of Texas explained  "[t]he group will not pay for any accidents where alcohol or drugs were involved."  See Docket No. 1-5.  The Haydens maintain that Todd Hayden's blood alcohol level in the emergency room was only .026 and that such a small level of alcohol is so minimal as to be inconsequential and would not constitute a justifiable basis for denial of health care benefits.

On June 28, 2010, the Haydens filed suit in federal court alleging state law claims for breach of contract (Count I), declaratory judgment (Count II), waiver and estoppel (Count III), bad faith failure to pay health insurance benefits (Count IV), and unfair and deceptive insurance acts and practices (Count V).  The complaint also contains a claim to recover benefits under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq., (Count VI) and a reservation of rights to amend the complaint to seek exemplary damages.

In lieu of an answer, the Defendants filed a motion to dismiss the state law claims on August 26, 2010.  See Docket No. 8.  The Defendants argued that the state law claims (Counts I, II, III, IV,

2

and V) were preempted by ERISA.  On November 2, 2010, the Court granted the Defendants' motion to dismiss, finding ERISA preempted the state law claims.  <u>See</u> Docket No. 15.

On September 16, 2011, the Haydens filed an "Amended Complaint and Jury Demand." <u>See</u> Docket No. 58.  In the amended complaint, the Haydens added the following to their original complaint:  factual allegations, a paragraph requesting attorney's fees under their ERISA claim (Count VI),  and causes of action for pre-judgment and post-judgment interest (Count VII), out-of-pocket expenses (Count VIII), and for payment of insurance benefits in accordance with the North Dakota Rate Equalization system (Count IX).  <u>See</u> Docket No. 58, pp. 16-18.  The Haydens also re-alleged the state law claims that were previously dismissed on November 2, 2010.  <u>See</u> Docket No. 58, pp. 10-15.  On September 30, 2011, the Defendants filed "Defendants' Partial Motion to Dismiss Plaintiffs' Amended Complaint."  <u>See</u> Docket No. 63.  The Defendants contend that the state law claims and all other claims not based on violations of ERISA must be dismissed.  The Defendants also sought, in the alternative, a more definite statement of the allegations in Count IX under Fed. R. Civ. P. 12(e).

On October 3, 2011, the Haydens filed a "Second Amended Complaint and Jury Demand." <u>See</u> Docket No. 65.  In the second amended complaint, the Haydens added to the amended complaint more detailed descriptions of the alleged ERISA violations (Count VI).  <u>See</u> Docket No. 65, pp. 16-18.  On October 17, 2011, the Defendants filed "Defendants' Partial Motion to Dismiss Plaintiffs' Second Amended Complaint."  <u>See</u> Docket No. 72.  In the motion to dismiss, the Defendants seek to again dismiss the state law claims, request a more definite statement of the Plaintiffs' allegations in paragraph LVI of the second amended complaint, and request the Court to dismiss Plaintiffs' claims to the extent they are preempted by ERISA.  <u>See</u> Docket No. 73.

II.     **STANDARD OF REVIEW**

When considering a motion to dismiss, the Court must construe the complaint liberally and assume all factual allegations to be true.  Faibisch v. Univ. of Minn., 304 F.3d 797, 802 (8th Cir. 2002); Goss v. City of Little Rock, Ark., 90 F.3d 306, 308 (8th Cir. 1996).  Dismissal will not be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts that would entitle her to relief.  Faibisch, 301 F.3d at 802.

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a claim if there has been a failure to state a claim upon which relief can be granted.  When considering a motion to dismiss under Rule 12(b)(6), the court must accept all factual allegations in the complaint as true.  "However, the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal."  Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007) (quoting DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir. 2002)).  The court may generally only look to the allegations contained in the complaint to make a Rule 12(b)(6) determination.  McAuley v. Fed. Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007).  "[I]n considering a motion to dismiss, the district court may sometimes consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaint."  Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003) (citing Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999)).  "A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief."  Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001).

4

III.     **LEGAL DISCUSSION**

In the Haydens' amended complaint and second amended complaint, they re-allege violations of North Dakota state law (Counts I, II, III, IV, and V) that were previously dismissed.  The Haydens also added factual allegations, more detailed allegations as to alleged ERISA violations (Count VI), and causes of action for pre-judgment and post-judgment interest (Count VII), out-of-pocket expenses (Count VIII), and payment of nursing home services under the North Dakota Rate Equalization clause (Count IX).  The Defendants request that the Court dismiss all claims to the extent they are preempted by ERISA, order a more definite statement as to paragraph LVI of Counts VI, and dismiss Count IX, or in the alternative, order a more definite statement as to that claim.

A.     **STATE LAW CLAIMS (COUNTS I, II, III, IV, AND V)**

The Haydens included in their amended complaint and second amended complaint Counts I, II, III, IV, and V based on violations of North Dakota law.  See Docket Nos. 58 and 65.  The same claims were alleged in the original complaint and the Court found that ERISA preempted the state law claims in an order dated November 2, 2010.  See Docket No. 15.  For the same reasons set forth in the Court's November 2, 2010 order (Docket No. 15), the Court grants the Defendants motion to dismiss Counts I, II, III, IV, and V of the Haydens' second amended complaint.

B.     **FAILURE TO SEND INFORMATION (COUNT VI)**

The Defendants move for a more definite statement under Fed. R. Civ. P. 12(e) regarding the Haydens' allegations of an ERISA violation for failure to send information as set forth in paragraph LVI of the second amended complaint.  Relief under Fed. R. Civ. P. 12(e) is appropriate

when the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response."

> In paragraph LVI of the second amended complaint, the Haydens allege the following:
>
> [D]efendants have breached their duty under ERISA to act prudently and in the interest of Todd Hayden as a beneficiary of the SPD, including but not limited to failing to provide copies of *all* documents related to Todd Hayden's health insurance within 30 days of plaintiffs' request for this information, which was via letter to defendant Nabors on March 29, 2010.

See Docket No. 65, p. 18 (emphasis in original).  The Haydens cite a specific provision of the insurance plan and 29 U.S.C. § 1132(c)(1)(B).

> 29 U.S.C. § 1132(c)(1)(B) provides,
>
> (1) Any administrator . . . (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

29 U.S.C. § 1132(c)(1)(B).  Administrators have a duty to provide certain information to participants and beneficiaries within 30 days of a request.  If an administrator fails to provide the information within 30 days, a court has discretion to award up to $100 per day from the date of the failure.

In the second amended complaint, the Haydens allege the Defendants failed to provide information within 30 day after their request in violation of ERISA and specifically 29 U.S.C. § 1132(c)(1)(B).  The Haydens ask the court to award $100 per day after 30 days of the request until March 29, 2010, when the Haydens received the information from the Defendants.  The Haydens provide specific facts which allegedly violate a specific statute.  The Court finds that the allegations

in paragraph LVI of the Haydens' second amended complaint are neither vague nor ambiguous. The Court denies the Defendants' motion for a more definite statement.

### C.      PRE-JUDGMENT AND POST-JUDGMENT INTEREST (COUNT VII)

The Haydens assert claims for pre-judgment and post-judgment interest on all benefit amounts wrongfully withheld by the Defendants. See Docket No. 65, p. 19.

ERISA does not specifically provide for pre-judgment interest. Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017, 1031 (4th Cir. 1993). Generally, absent a statutory mandate, the award of pre-judgment interest is discretionary with the trial court. Dependahl v. Falstaff Brewing Corp., 653 F.2d 1208, 1219 (8th Cir.), cert. denied, 454 U.S. 968 and cert. denied, 454 U.S. 1084 (1981). Courts deciding the issue have held that a court has discretion to award pre-judgment interest in ERISA cases. Id. (awarding pre-judgment interest in ERISA cases within district court's discretion); Quesinberry, 987 F.2d at 1031 (citing Whitfield v. Lindemann, 853 F.2d 1298, 1306 (5th Cir. 1988), cert. denied, 490 U.S. 1089 (1989)).

Federal law mandates the award of post-judgment interest. 28 U.S.C. § 1961. Although ERISA does not specifically address post-judgment interest, a provision within ERISA states that the Act should not be construed to "alter, amend, modify, invalidate, impair, or supersede any law of the United States." 29 U.S.C. § 1144(d). Courts have held that the federal statute which mandates post-judgment interest, 28 U.S.C. § 1961, is applicable to ERISA judgments. Quesinberry, 987 F.2d at 1031 (citing I.A.M. Nat'l Pension Fund v. Slyman Indus., Inc., 901 F.2d 127, 130 (D.C.Cir. 1990)).

The Haydens allege that they are "entitled to pre-judgment and post-judgment interest for all benefits amounts wrongfully withheld by defendants . . . ." See Docket No. 65, p. 19. The Defendants contend that these claims should be dismissed "to the extent the Plaintiffs' requests for pre-judgment and post-judgment interest . . . are not based upon their ERISA cause of action . . . ." See Docket No. 73, p. 4. The Court finds the Defendants' contention to be moot because the only substantive claim remaining is based on ERISA. The Defendants contend that the pre-judgment and post-judgment claims should be dismissed because "these counts seek benefits that Plaintiffs' claim are owed under the Plan, and therefore, are preempted by ERISA and must be dismissed."

Pre-judgment and post-judgment interest are available remedies in ERISA cases. See Dependahl, 653 F.3d at 1219 (awarding pre-judgment interest within district court's discretion in ERISA case); Quesinberry, 987 F.2d at 1031 (awarding post-judgment interest in ERISA case mandatory under 28 U.S.C. § 1961). The Haydens state that "[i]f the Court wishes to construe or interpret Counts VII and VIII as portion of the remedies plaintiffs are seeking in this action under ERISA, plaintiffs would not contest that determination by the Court." See Docket No. 76, p. 9. The Haydens' request for pre-judgment and post-judgment interest is more appropriately described as one of the remedies being sought for violations of ERISA. The Haydens may set forth requests for relief in their complaint. See Fed. R. Civ. P. 8(a)(3) (providing that a claim for relief must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief."). The Court denies the Defendants' motion to dismiss and will construe the claims for pre-judgment and post-judgment interest (Count VII) as remedies being sought by the Haydens in this lawsuit.

### D.   <u>OUT-OF-POCKET EXPENSES (COUNT VIII)</u>

The Haydens also claim the Defendants have wrongfully failed to pay out-of-pocket expenses under the plan in Count VIII of the second amended complaint.  <u>See</u> Docket No. 65, p. 19. The Haydens state they incurred out-of-pocket expenses which include "$38,526.00 for private nursing care services, $3502.70 for a special wheelchair which was medically necessary, $6,172.08 for a special hospital bed which was medically necessary, and $9,290.00 for an Aerovac evacuation charge to transport Todd Hayden from Billings, MT to Bismarck, ND for a total of $57,490.90 . . . ." <u>See</u> Docket No. 65, p. 19.  The Defendants contend that the claim for out-of-pocket expenses should also be dismissed to the extent the claim is not based on ERISA.  <u>See</u> Docket No. 73, pp. 3-4.

The Court again finds this contention to be moot because the Haydens' sole remaining claim is based on ERISA.  To survive a motion to dismiss, the Haydens need only allege sufficient facts, accepted as true, to state a claim to relief that is plausible on its face.  <u>Aschcroft v. Iqbal</u>, 556 U.S. 662 (2009).  The Haydens have alleged specific plausible facts in Count VIII, which, if accepted as true, establish a viable claim for relief under ERISA.  The Court denies the Defendants' motion to dismiss the claim for out-of-pocket expenses.

### E.   <u>SECTION 50-10.2 (COUNT IX)</u>

The Haydens also allege that the Defendants must adhere to the North Dakota Rate Equalization system under N.D.C.C. ch. 50-10.2 when making payments to long-term health care facilities in Count IX of the second amended complaint.  <u>See</u> Docket No. 65, p. 20.  The Defendants argue that N.D.C.C. ch. 50-10.2 is inapplicable because the provisions only apply to long-term health facilities and that no private cause of action can be maintained under the chapter.  <u>See</u> Docket

No. 73, p. 4-5.  In the alternative, the Defendants contend the Haydens should be required to provide a more definite statement pursuant to Fed. R. Civ. P. 12(e).

In the response to the Defendants' motion, the Haydens explain that "Defendant BCBSTX, as Todd Hayden's insurance provider, is required to pay bills for Todd Hayden's long term care facilities services in accordance with the provisions of the 'Extended Care Expenses' section of the SPD and as outlined in N.D.C.C. § 50-10.2, N.D.C.C. § 50-24.4 and NDAC § 75-02-06."  See Docket No. 76, p. 9.  The Haydens further explain that they "have included this issue in their Amended Complaint and Second Amended Complaint in order to ensure proper payment is made by defendant BCBSTX pursuant to North Dakota law."  See Docket No 76, p. 10.  The Haydens also argue that they acquiesce if the Court wishes to construe Count IX as part of the remedies sought. See Docket No. 76, p. 11.  The Court finds that the request for payment of insurance benefits in accordance with the North Dakota Rate Equalization system is more appropriately described as part of the Haydens' prayer for relief as a remedy for the Defendants' alleged violation of ERISA.  The Court will simply construe Count IX as a remedy being sought by the Haydens and deny the Defendants' motion to dismiss, or in the alternative, to provide a more definite statement.


IV.    **CONCLUSION**

The Court has carefully reviewed the entire record and relevant case law.  For the reasons set forth above, the Court concludes that the Defendants' partial motions to dismiss (Docket Nos. 63 and 72) are **GRANTED IN PART** as to the Haydens' state law claims (Counts I, II, III, IV, and V) and are **DENIED IN PART** as to the Haydens' claims for failure to send information (Count VI),

pre-judgment and post-judgment interest (Count VII), out-of-pocket expenses (Count VIII), and the claim under North Dakota's Rate Equalization system in N.D.C.C. Chpt. 50-10.2 (Count IX).

**IT IS SO ORDERED.**

Dated this 19th day of January, 2011.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court

11